```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
GINO ACARKAN,
                                                      MEMORANDUM AND ORDER
                Plaintiff,
                                                      Case No. 1:20-cv-02580-FB
        -against-

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
-------------------------------------------------x
```

*Appearances*:
*For the Plaintiff*:
ANSELMO A. ALEGRIA
Alegria & Associates, PLLC
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601

*For the Defendant*:
MARK J. LESKO, ESQ.
Acting United States Attorney
Eastern District of New York
By: PAMELA MCKIMENS, ESQ.
Special Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Gino Acarkan seeks review of the Commissioner of Social Security's denial of his application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings. For the following reasons, Acarkan's motion is granted, the Commissioner's motion is denied, and this case is remanded for reconsideration.

**I.**

Acarkan has the following severe impairments: bilateral knee internal

1

derangement, lumbar degenerative disc disease, depression and anxiety with agoraphobia. He was previously employed in sales in luxury retail. In March 2018, he was let go because of absences related to his medical conditions.[1] R. at 60. He filed for DIB on November 6, 2018, with alleged onset date of August 5, 2018, when his condition worsened. On February 13, 2019, the application was denied. Acarkan requested a hearing. On November 21, 2019, ALJ Barbara Dunn held a hearing. On January 22, 2020, the ALJ denied his claims. On January 29, 2020, Acarkan appealed the ALJ's decision. On April 16, 2020, the Appeals Council declined to review. This lawsuit followed.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III.

After March 27, 2017, the treating physician's medical opinion is no longer

---

[1] The ALJ reduces the claimant's testimony to "performance issues." R. at 15.

2

presumptively given controlling weight. 20 C.F.R. §§ 404.1520c(a). Rather, the persuasiveness of each medical source is evaluated according to several factors: supportability, consistency, relationship with claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c). Supportability and consistency are the most important. 20 C.F.R. §§ 404.1520c(a). The ALJ must articulate these considerations, including the persuasiveness of each source. *Id.*

The ALJ erred by not considering the testimony of Dr. Faina Yablochnikova and not including the persuasiveness of Dr. Alan Dayan. The Commissioner concedes this. ECF 20 at 19. The ALJ must properly consider the opinions of all the medical sources.

### IV.

The ALJ "will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe'…when we assess your residual functional capacity," 20 C.F.R. §§ 404.1545(a)(2), and "any statements about what you can still do that have been provided by medical sources, whether or not they are based on formal medical examinations." § 404.1545(a)(3). "Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician." *Hilsdorf v. Comm'r of Soc. Sec.,* 724 F. Supp. 2d 330, 347

(E.D.N.Y. 2010).

The ALJ erred when determining Acarkan's residual functional capacity allowed him "to perform less than the full range of sedentary work." Acarkan's testimony and Dr. Yablochnikova's opinion conflict with this assessment. Dr. Yablochnikova, who had the most significant relationship with Acarkan, concluded after seven months of treatment that he has "major depressive disorder, recurrent, moderate" and "panic disorder with agoraphobia," and "[i]n spite of increasing patient's medications his condition wasn't significantly improved." R. at 503. He also "is not able to use public transportation due to agoraphobia and frequent panic attacks, [and] not able to cross bridges due to severe anxiety." R. at 508, 475. She recommended that he not work due to his symptoms. R. at 503.

The ALJ's examining consultants, Dr. Kim and Dr. Ravi, did not contradict this diagnosis, but determined after only one or two visits, that his symptoms were not as severe. Yet the ALJ relied on the opinions of non-examining consultants, Drs. Feldman and Dickerson, even above Drs. Kim and Ravi. R. at 17. The ALJ must properly consider the medical evidence when evaluating Acarkan's RFC.[2]

The ALJ is also reminded that "[c]ycles of improvement and debilitating symptoms of mental illness are a common occurrence, and in such circumstances it

---

[2] While not specifically addressed here, the ALJ should also reconsider whether Acarkan is disabled according to 20 C.F.R. § 404, Subpart P, Appendix 1, in light of Dr. Yablocknikova's medical opinion.

4

is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019). Further, "[t]he treatment provider's perspective [is] all the more important in cases involving mental health, which are not susceptible to clear records such as x-rays or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations." *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119, 122 (2d Cir. 2018).

## V.

"[I]f the claimant shows that his impairment renders him unable to perform his past work, the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (citing *Carroll v. Secretary of Health and Human Servs.,* 705 F.2d 638, 642 (2d Cir. 1983)).

The Commissioner did not meet its burden. The parties agree that Acarkan is unable to perform his past work. And based on the RFC determination and her vocational expert's limited testimony, the ALJ found that Acarkan could perform "less than the full range of sedentary work." R. at 14. However, Acarkan provided a report from another vocational expert, Lynn Mizzy Jonas, M.S., who personally examined the claimant and reviewed his medical records. R. at 474. She determined

5

that Plaintiff was not able to work. R. at 481. This report provides significant evidence to rebut the ALJ's conclusion that Acarkan could perform other work. *See Queenan v. Heckler*, 581 F. Supp. 1216, 1219 (S.D.N.Y. 1984) (relying on a vocational evaluation by certified rehabilitation counselor to support a finding of claimant's disability). Though Ms. Jonas previously worked as a vocational expert for the SSA and is a certified rehabilitation counselor, R. at 482-83, the ALJ dismissed her opinion because she was retained by the claimant's attorney. R. at 17. The ALJ provided no further evidence to support her conclusion.

## CONCLUSION

For the foregoing reasons, Acarkan's motion is GRANTED, the Commissioner's motion is DENIED, and the case is REMANDED to the Commissioner for further proceedings consistent with this opinion.

**SO ORDERED.**

                                                  /S/ Frederic Block
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
September 24, 2021