UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
GINO ACARKAN,

                Plaintiff,

   -against-                      **MEMORANDUM AND ORDER**
                                      Case No. 20-cv-02580 (FB)
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
-------------------------------------------------x

*Appearances:*
For the Plaintiff:
ANSELMO A. ALEGRIA
Alegria & Associates, PLLC
445 Hamilton Ave.
Suite 1102
White Plains, NY 10601

For the Defendant:
JOHANNY SANTANA
Special Assistant U.S. Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Following a remand from this Court in 2021, Gino Acarkan received past-due disability benefits from the Social Security Administration ("SSA"). His counsel, Anselmo A. Alegria, now seeks approval of an award of $31,579.50 in attorney's fees.

      A brief procedural summary is necessary. After this Court remanded the case, it awarded Alegria $6,250.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On November 12, 2023, the SSA sent a Notice of Award ("NOA") letter advising Acarkan that he was due benefits and

that the SSA had withheld $31,579.50 to pay a possible attorney-fee request. On January 3, 2024, Alegria filed this § 406(b) attorney-fee application.

First, the Court will excuse Alegria's untimeliness in bringing this motion because of his delay in receiving the NOA. While Alegria failed to meet the fourteen-day filing period for § 406(b) fee applications, the Court deems the period equitably tolled because Alegria represents to this Court that he did not receive the NOA until January 2, 2024. *See Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019) (recognizing equitable tolling for the fourteen-day filing period for § 406(b) attorney-fee applications). He then promptly filed this motion the next day, so the Court will not penalize him for a delay not attributable to his own actions.

Second, turning to the requested attorney-fee award, the Court determines that $31,579.50 is reasonable under the circumstances. 42 U.S.C. § 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). As indicated by the NOA, the

proposed fee award here is below the 25% cap, and the Court is aware of no evidence of fraud or attorney overreach.

To assess the third factor, the Second Circuit has directed district courts to consider (1) the expertise and ability of the claimant's lawyer and whether he or she was particularly efficient; (2) the nature and length of the lawyer's professional relationship with the claimant, including any representation at the agency level; (3) the satisfaction of the claimant; and (4) the level of uncertainty of an award of benefits and the efforts it took to achieve the result of a disability ruling. *See Fields v, Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022) (de facto hourly rate of $1,556.98 was reasonable). Having considered those guidelines, the Court finds that the requested award does not constitute a windfall.

Finally, because an attorney cannot receive fees under both the EAJA and § 406(b), Alegria must refund the smaller fee award to the claimant, *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), which in this case is the $6,250.00 in EAJA fees.

Accordingly, the Court approves Alegria's requested attorney-fee award of $31,579.50 under § 406(b) to be paid by the Commissioner out of the proceeds awarded to Plaintiff as past-due benefits. Within five business days of receipt of the § 406(b) fees, Alegria is ordered to refund the EAJA award of $6,250.00 to

Acarkan and file a declaration stating such on the docket.

**SO ORDERED.**

      /S/ Frederic Block      
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 18, 2024

4